## A. W. McKinney, Plff. in Err., *v.* A. Nolf et al

In a suit on a promissory note purporting to be signed by two persons, there being but one seal, where a plea of *non est factum* was entered by one defendant, the note was admitted in evidence, it appearing to the court that there was a seal upon the face of the note, and the court instructed the jury that if defendant signed the note in suit, and the obligation was given for a joint indebtedness, their finding must be, from an inspection of the note, that it is a joint instrument, and that the defendant was, with his codefendant, equally liable for the payment thereof; that "if he did so write his name to this note and you so find from the evidence, your verdict should be for the plaintiff, although he may not have made a seal to the note or adopted as his the seal that is above his name on the note," the defendant not having pleaded the statute of limitations; and that it was the duty of the court to look at the paper and determine whether the seal that is upon it is such a legal seal as the law requires; but whether the defendant intended to adopt it as his seal was a question, under the circumstances, for the jury, although the determination of that question in the negative would not release the defendant from the liability incurred by his signature,— *Held,* that there was no error in the charge.

While an expert can testify his belief as to whether a paper or its signature is natural or feigned, simulated or forged, indicating the rule by which he is guided, and while it is proper to consider his testimony, yet such testimony will not be sufficient to overcome that of positive witnesses testifying from their own knowledge as to the transaction itself. An expert cannot take a genuine signature or an admitted signature, and compare it with the one in suit, and state his conclusions. The jury must make the comparison, and not the expert.

(Argued October 13, 1887. Decided October 31, 1887.)

October Term, 1887, No. 110, W. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ. Error to the Common Pleas of Armstrong County to review a judgment in favor of plaintiffs in an action to recover on a promissory note. Affirmed.

The facts are stated as follows in the opinion of the court below, by WHITE, P. J.:

On the 13th day of July, a judgment was entered in this court in pursuance of a warrant of attorney contained on the

NOTE.—For the comparison of handwriting, since the act of 1895, see note to Hulett v. Patterson, 6 Sad. Rep. 22. For the adoption of a seal placed upon the instrument by another, see note to Templeton v. Com. 3 Sad. Rep. 550.

face of a note, dated April 14, 1874, for $150, payable thirty
days after date, purporting to be signed by Henry Hudiphol and
A. W. McKinney; on which note there is also what is called a
seal—one seal; which note also authorizes an attorney's com-
mission, as is usual, for the collection of the note.

The judgment was entered on the 13th of July, 1883, for
$240, which would appear to be the debt and interest on the
note from May 14, 1874, when it became due, until the date of
the judgment, on which also was indorsed a credit of $75, as of
June 17, 1874, the date on which it was paid on the note.   On
this judgment an execution was entered, soon after the entry, to
No. 38 of September term of the court, 1883, on which execu-
tion the sheriff of the county made a levy on certain personal
property, claimed to be the defendant's and belonging to the de-
fendant at that time, a boat on the Allegheny river, near the
town of Freeport, and other property which it would appear the
plaintiff directed to be levied upon by this execution.

After this, July 13, 1883, the defendant, A. W. McKinney,
presented his petition to this court, reciting, among other things,
that he never signed or executed this note, and asking that the
execution be stayed, and the judgment opened, and the defend-
ant let into a defense.   This was, no doubt, proper under the
circumstances of the case and was ordered by the court, and we
have now the case before us.   .   .   .

When the judgment was opened, the court directed that this
matter should be tried by a jury; that the plea *non est factum,*
denying the making of the bond by the defendant, be entered for
the defendant, A. W. McKinney, under which he would be al-
lowed to give evidence as to the fact of not signing the note, and
the question of this being a sealed instrument as to him.

The case was submitted to the jury and a verdict rendered for
plaintiff.

A motion for a new trial was overruled and judgment en-
tered for plaintiff.

The plaintiff in error filed the following assignments of er-
ror:

1, *a,* The court erred in admitting the note in evidence, the
note showing on its face that there was no seal to the name of
McKinney.

*b,* In overruling the objection of the defendant as follows, to
wit:

By the court: It appearing that this is an issue directed by the court on the opening of the judgment to try whether the defendant signed the note or not, and if it is a sealed note as to him, and it appearing to the court that there is a seal upon the face of the note, the objection is overruled and an exception allowed to the defendant, which is now sealed.

Specifications of error 2–6 referred to the admission of testimony of Henry Hudiphol and others.

7. The court erred in this: In charging the jury as follows, to wit:

"Under the issue framed in this case by the court we consider the first question for the jury to find is: Did A. W. McKinney write his name to this note? If he did so write his name to this note, and you so find from the evidence, your verdict should be for the plaintiffs, although he may not have made the seal to the note or adopted as his the seal that is above his name on the note. We consider, under the condition of the record here and the circumstances of this case, that if the defendant did sign the note the verdict should be for the plaintiff, whether there is a seal to his name or adopted by him or not. . . . While it has been contended that if the defendant did not make or adopt the seal to this note the verdict should be for the defendant. If you should find, then, we repeat, that the defendant signed this note, it is his obligation on which he would be liable in this proceeding for any balance that might be due upon it. . . . We repeat: If, in your inquiries, you should find that the defendant actually signed this note, then it is his obligation, and your verdict should be for the plaintiff. . . . If you find that the defendant signed the note, we think your verdict should be for the plaintiff."

8. The court erred in this: In charging the jury as follows, to wit:

"It has been properly stated that it is the duty of the court to look at the paper and determine whether the seal that is upon it is such a legal seal as the law requires. We do that, and say that the seal we find upon this note is a legal seal; but whether A. W. McKinney, if he signed this note, intended to adopt that as his seal, is a question, under the circumstances of the case, for the jury. That is a question of fact for you. . . . But while it is proper for the jury to inquire about that, we repeat that if the jury find that A. W. McKinney signed this

note, it is his signature; then your verdict should be for the plaintiff, notwithstanding he may not have adopted the seal as his own."

9. The court erred in this:

"But an expert cannot take a genuine signature or an admitted signature and the one in suit, and compare them and testify to them. The law makes you the persons to compare them and not the expert. Ordinarily an expert can testify his belief about whether a paper or a signature in question is natural or feigned, simulated or forged, that in its appearance from certain rules which he indicates. And while it is proper to consider the testimony of experts, yet our court has held that the testimony of experts will not be sufficient to overcome the testimony of positive witnesses testifying from their own knowledge as to the transaction itself."

10. The court erred in this: In affirming the plaintiffs' first point, which point is as follows, to wit:

"If the jury believe from the evidence that A. W. McKinney signed the note in suit, and that the obligation was given for a joint indebtedness, their finding must be, from an inspection of the note, that it is a joint instrument and that the defendant, A. W. McKinney, was with Henry Hudiphol equally bound for the payment thereof, and adopted the seal of Henry Hudiphol, and their verdict should be for the plaintiff."

In the answer to this point, which answer is as follows, to wit:

"If the jury believe, as contended in the point, that McKinney signed the note and that it was given for a joint indebtedness, as we have instructed in our general charge and adopted the seal on the note opposite the name of Henry Hudiphol, their verdict should be for the plaintiff."

11. The court erred in this: In affirming the plaintiffs' second point, which point is as follows, to wit:

"If the jury believe from the evidence that A. W. McKinney signed the note in suit, their verdict must be for the plaintiff irrespective of the question whether the note is a sealed instrument as to McKinney or not. The judgment not being open to admit the plea of the statute of limitations and the defendant has not pleaded it."

In the answer to this point, which is as follows, to wit:

"If the jury find that A. W. McKinney signed the note, their verdict, in our opinion, should be for the plaintiff irrespective

of the question whether he adopted the seal on the note or not."

12. The court erred in this: In not affirming the defendant's first point, which point is as follows, to wit:

"That the plea of *non est factum* is a denial on the part of the defendant that he sealed the note in controversy, and the note on its face bears intrinsic evidence that no seal is attached to the signature A. W. McKinney written mainly below the marginal line of the note; and the note upon its face is not a specialty or a sealed instrument as to the defendant; and therefore in this action the plaintiff cannot recover, and the verdict should be for the defendant."

In the answer to this point, which is as follows, to wit:

"This point is partly argumentative, rather than the announcement of legal principles; but we answer that the plea entered here by the defendant of *non est factum,* a Latin phrase, denies that he sealed the note. It is for the jury, under the instructions in our general charge, to find whether the note itself furnishes intrinsic evidence that McKinney adopted the seal above on the note or not. The facts recited in the point are proper for the consideration of the jury. If the jury should find that the defendant did not so adopt the seal, the note would not be what is called in law a specialty; but, as we have instructed you in our general charge, the plaintiff could still recover here if you find the defendant actually signed the note, notwithstanding he may not have adopted the seal."

13. The court erred in this: In not affirming the defendant's second point, which is as follows, to wit:

"Should the court decline to answer the first point in the affirmative, then to charge: That the note bears upon its face intrinsic evidence that the defendant did not attach a seal to his own name, if he did in point of fact sign the note in suit; and that the note is not the deed or specialty of the defendant unless he did adopt the seal attached to the name of Henry Hudiphol as his own."

In the answer to this point, which is as follows, to wit:

"It is for the jury to find from the face of the note itself whether the defendant adopted the seal above on the note. If he did sign the note, but did not adopt the seal opposite the name Henry Hudiphol, it would not be the deed or specialty, in the language of the point of the defendant."

14. The court erred in this: In not affirming the defendant's third point, which point is as follows, to wit:

"That there is no evidence in the case from which the jury can find that the defendant did adopt the seal of Henry Hudiphol as his own, and the burden of proof being upon the plaintiffs to show a separate sealing of the note by the defendant or an adoption of the seal to Hudiphol's name, the plaintiffs cannot recover, and the verdict must be for the defendant."

In answer to this fourth point, which point is as follows, to wit:

"We can only repeat that it is for the jury to find from the weight of the evidence whether the defendant adopted the seal opposite Henry Hudiphol as his own. It is the duty of the plaintiffs to satisfy you from the weight of the evidence that the defendant adopted the seal, so that you may find the defendant sealed this note. We have, however, instructed you in the general charge that if you find the defendant did actually sign the note, the plaintiff has a right to your verdict, notwithstanding the defendant may not have adopted the seal."

*David Barclay* for plaintiff in error.

*McCain & Leason,* for defendants in error.—There was evidence that A. W. McKinney had adopted the seal of Henry Hudiphol above his (McKinney's) name, from which the jury could find that the note was sealed by A. W. McKinney. On the authority of Templeton v. Com. 3 Sad. Rep. 550; Bowman v. Robb, 6 Pa. 302; Sigfried v. Levan, 6 Serg. & R. 311, 9 Am. Dec. 427.

The court was justified in submitting the evidence to the jury. It was not material under the facts of this case whether A. W. McKinney adopted the seal above his name or not.

Per Curiam:

The charge and rulings of the court below were quite as favorable to the defendant as they ought to have been.

The question of the execution of the note by McKinney was fairly submitted to the jury and the paper itself showed, if indeed that were of any moment, that the seal was that of both parties by whom it was signed.

Judgment affirmed.